## Osborne's Estate. Osborne's Appeal.

*Partition in orphans' court—Setting aside award to heir—Discretion—Laches.*

It would be an abuse of discretion for the orphans' court to set aside a decree awarding real estate to one of the heirs in partition, where the petition was not presented until eighteen months after the award, unless there was fraud practiced upon the court or the parties.

Whether an application to set aside such an award, when made promptly, and accompanied by an offer to give security that the property should bring more than the original bid, should be granted, is largely in the discretion of the court.

*Right of heir to procure means to bid by mortgage or sale.*

Lack of means does not deprive an heir of the right to bid for real estate in partition. She has the right to procure the means from others, either by mortgage. or sale of the property.

Argued May 10, 1892. Appeal, No. 79, Jan. T., 1892, by John W. Osborne, from decree of C. P. Fayette Co., Sept T., 1889, No. 5, discharging rule to set aside decree awarding real estate to Eliza J. Craft, in partition. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

On November 9, 1887, James R. Osborne died, leaving a widow and six children, among whom were John W. Osborne and Eliza J. Craft. On Sept. 2, 1889, proceedings for partition of the real estate of the decedent were begun by Mrs. Craft. An inquest was awarded and the premises appraised, and a rule issued to the parties in interest to appear on the first Wednesday of March, 1890, to choose or refuse. On the return of the rule, John W. Osborne and Eliza J. Craft were the only parties' who appeared; the former made a bid to take the real estate at the appraisement, and Mrs. Craft at $20 over the appraisement; whereupon the court awarded it to her upon her entering security, and her sureties were approved the next day. On the same day, before the approval of the sureties, counsel for John W. Osborne presented a petition to the court to have the award set aside. The court was of opinion that sufficient grounds

were not set out in the petition, and it was not filed.    No copy of this petition nor any statement of its contents appeared in the paper books.

On Sept. 7, 1891, the petition in this case was presented and a rule issued thereon.    The petition alleged, that, before the heirs were called into court in the above proceeding, a conference was held by them, at which it was mutually agreed among them that the land should be retained in the family for the purpose of providing a home for the widow, and that this was to be carried out by the petitioner's accepting the land at the appraised value; that Mrs. Craft stated before going into court that she had no means to pay for the land, and would not attempt it; that her bid was in violation of her agreement; that she had secretly entered into an agreement with one James Vail to bid the land in for him; and that she had fraudulently misled the petitioner into the belief that she would not bid. The answers of Mrs. Craft and Vail denied these allegations.

From the testimony it appeared that there was a meeting of the heirs about a week after the death of James R. Osborne at which there was some some talk of the property remaining as a home for the widow, but at which Mrs. Craft said she would not sign her rights away.    Four of the other children lived with the widow on the farm.    Mrs. Craft received no share of the rent after the death of her father.    Before Mrs. Craft put in her bid she had an understanding with James Vail that he would take the property at $6,500, which was the amount of her bid.    After the award of the property to her, she sold it to Mr. Vail for that sum and he brought ejectment.    On the day of the bidding, shortly before court time, the attorney for the other heirs was told that Mrs. Craft would put in a bid.

The court below discharged the rule at the costs of the petitioner.

*Error assigned* was this order.

*Edward Campbell*, with him *George B. Hutchinson*, for appellant, cited, Gillespie's Est., 10 Watts, 300, 302: Johnson's Ap., 114 Pa. 132; George's Ap., 12 Pa. 260; Allen's Est., 11 Phila. 48.

*S. L. Mestrezat*, with him *George D. Howell* and *E. H. Reppert*, for appellee, cited Wagner's Ap., 43 Pa. 102; McCon-

nell's Ap., 97 Pa. 31; Bower's Ap., 84 Pa. 311; Haslage's Ap., 37 Pa. 440; Evans v. Maury, 112 Pa. 300; Klohs v. Reifsnyder, 61 Pa. 240; Eyerman v. Detwiller, 136 Pa. 285; Wentz's Ap., 7 Pa. 151.

PER CURIAM, May 23, 1892:

The only specification of error is, that the court below erred in not making absolute the rule to show cause why the decree awarding the real estate to Eliza J. Craft should not be set aside. The real estate was awarded to her by the orphans' court on March 5, 1890, and on the following day her sureties were approved, and recognizance taken and acknowledged in open court. The petition of John W. Osborne, upon which the rule in question was founded, was not presented until Sept. 7, 1891. After this delay it would have been an abuse of discretion in the court below to have vacated its order of March 5, 1890, except for a fraud practiced upon the court or the parties. There was neither in this case. There was no imposition practiced upon the court, nor had the petitioner any legal ground of complaint. He had every opportunity to protect his own interest, and Eliza J. Craft, the appellee, had an equal right to protect hers. In her answer she denies every material averment in the petition. Had this application been made promptly, and had it been accompanied with an offer to give security that the property should bring $1,200 over the amount of Mrs. Craft's bid, it is quite possible the court below would have set aside the order awarding the property to the appellee. This, however, is a matter largely in its discretion, and the learned judge may have been satisfied that the offer came from an irresponsible person. Of this we cannot judge. If the fact be, as alleged, that Mrs. Craft had not the means to take the property at her bid, she had a right to procure the money from others, either by a mortgage or sale of the property. Were it otherwise, an heir without means could not protect her interest as against the other heirs. In this instance all of the heirs had the opportunity to bid, and anyone of them taking the property would have the right to sell it the next day to any purchaser he or she could obtain, and at any price that could be realized.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.