## Gallitzin Building & Loan Association, Appellant v. Steigers.

*Partition—Deed—Sheriff—Discretion.*

Where a sale in partition has been confirmed by the court and an order made directing the sheriff to execute a deed to the purchaser, but the sheriff in office at the time neglects to do so, the purchaser is entitled to an order of court requiring a successor of the sheriff to execute the deed.

It is an abuse of the discretion of the court to refuse such an order because of objections interposed which should have been raised in the partition proceedings, and to postpone the making of the order until title should be determined in a pending ejectment.

A court is not vested with discretion to refuse obedience to its own final judgments and decrees, so long as they stand unopened, unreversed and unimpeached.

Argued, May 1, 1905. Appeal, No. 12, April T., 1905, by plaintiff, from order of C. P. Cambria Co., June T. 1895, No. 9, refusing to direct the sheriff to make a deed in case of Gallitzen Building & Loan Association v. Jacob Steigers. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Petition for an order on the sheriff to execute a deed.

The facts appear by the opinion of the Superior Court.

*Error assigned* was decree refusing the order on the sheriff.

*Thomas J. Itell*, for appellant.—The action of the court was an abuse of legal discretion: Schlaudecker v. Marshall, 72 Pa. 200; Osborne's Est., 149 Pa. 412.

The decree of confirmation of a sale in partition is final and conclusive on all the parties, who had due notice : Cumminsky v. Cumminsky, 109 Pa. 1.

*J. F. McKemrick,* for appellee.

OPINION BY MORRISON, J., July 13, 1905:

This is an appeal by the plaintiff from the decree of the court of common pleas, filed April 20, 1904, refusing to order and direct the sheriff of Cambria county to perfect the title of the plaintiff to certain land embraced in partition proceedings and to execute a deed for the same to appellant, it being the purchaser of the land at the sale had under said proceedings. The record shows that from March 19, 1867, Thomas Fitzpatrick and Jacob Steigers were joint owners of a certain tract of land situate in Cambria county, containing eighty acres and allowance ; each of said parties owning an undivided one-half interest therein. That the appellant recovered a judgment lien against the interest of Fitzpatrick, and the sheriff of said county levied upon his interest in said land in pursuance of a writ issued on said judgment and sold and conveyed the same to the appellant by deed dated June 13, 1894. That thereafter partition proceedings were commenced by the appellant in the common pleas of Cambria county at No. 9, June Term, 1895, the present case, against Jacob Steigers, which suit was so proceeded in that in due course, after service of summons upon the defendant, a judgment quod partitio fiat was duly entered on September 4, 1895, and a declaration in partition was filed and a writ de partitione facienda was issued and upon the return of the same and confirmation thereof, a rule to accept or refuse the property at the appraised valuation was issued, and after the return of said rule and due proof of service thereof, the court ordered a sale of the premises, and the order was duly returned showing the sale of the same to the appellant by D. W. Coulter, high sheriff of Cambria county, and thereupon in pursuance of said order and return, the court, on November 10, 1897, made a final decree confirming the sale absolutely and ordered and decreed that the sale so made to the appellant of the premises described in the return, be and remain firm and stable forever, and further that

the said sheriff make, execute and deliver to the Gallitzin Building and Loan Association its successors and assigns, a deed of conveyance for said premises, on its compliance with the terms and conditions of sale. It further appears that the appellant paid the purchase money in full to the sheriff, and that the same was distributed by the sheriff during his term of office, and that he allowed his term to expire without executing and delivering the deed authorized and directed by the decree of the court.

In answer to the petition of the appellant and rule thereon, praying the court to direct the sheriff of Cambria county, for the time being, to perfect the title of the petitioners to the land and premises and to execute a deed to the said purchaser, etc., the widow and administrator of Jacob Steigers filed a lengthy answer concluding with a request that the court discharge the rule to show cause why the prayer of the petition should not be granted.

A careful examination of the record in partition satisfies us that the court had jurisdiction of the subject-matter and of the defendant and, so far as we can see, the partition proceedings were lawfully carried on and the sale by the sheriff, in pursuance of the decree of the court, vested such title in the appellant as entitled it to a deed of conveyance in accordance with the decree of the court. The answer sets up many things which, perhaps, might have been raised if the defendant had appeared in the partition proceedings and made his defense before the final judgment or decree therein was made. But we are unable to find anything in the answer, made about ten years after the final decree of the court, which furnishes any valid or legal reason why the court should not have granted the prayer of the appellant's petition and ordered the then sheriff to execute and deliver the deed which the sheriff who made the sale ought to have made and delivered before his term of office expired.

The Act of March 29, 1824, P. L. 287, plainly authorizes and empowers the court to order and direct the sheriff or other officer, for the time being, to perfect such title, and to execute a deed for the same, to the purchaser; and upon such order being made and entered of record the sheriff is fully authorized and empowered to make, execute, acknowledge and

deliver any deed or deeds and perform and do all other matters and things that by the former sheriff or other officer might, could or ought to have been done in or about the premises, etc.

In our opinion, under the petition and answer, and testimony, it was the plain duty of the court to direct the sheriff to execute and deliver the deed. The learned court as set forth in the first assignment of error said: "But for fear that some wrong might be done to the defendant we withhold such action (making order directing sheriff to execute deed as prayed for) until such time as the plaintiff shall establish its title in the action of ejectment instituted for that purpose." We think it was too late for the court to fear that some wrong might be done after the final decree in partition and its order of sale of the land and the confirmation thereof and decree that the sheriff execute and deliver a deed. The decree was made in a case where the court had jurisdiction and it has never been appealed from, opened or set aside and, therefore, the learned court was not at liberty to so exercise its discretion as to disregard the plain judgments and decrees upon its own records.

In the second assignment the court said: "If the plaintiff shall finally recover the land in dispute we will make an order directing the sheriff to make, execute and deliver a deed in accordance with the prayer of the petitioner." But from what appears in the record the petitioner was clearly entitled to the order directing the sheriff to execute and deliver a deed, and very likely the petitioner may need this deed in the trial of the ejectment. And we discover no reason for withholding the same until after the determination of that suit. The want of the deed might severely embarrass the appellant in the ejectment suit, and, inasmuch as the learned court by its decree forced the appellant to bring that suit, it now comes with bad grace for the court to refuse to order the execution and delivery of the deed, to which the appellant, by the record, has been clearly entitled since November 10, 1897.

The third assignment: "The court erred in making the following order and decree: Until the plaintiff shall have established the right we refuse to make such an order." What has been said in regard to the second assignment applies with

equal force to the third. In our opinion, it is not a proper exercise of any discretion vested in the court to refuse the order referred to. A court is not vested with discretion to refuse obedience to its own final judgments and decrees, so long as they stand unopened, unreversed and unimpeached.

The fourth assignment: " The court erred in not making the rule to show cause absolute and in not directing the sheriff to execute and deliver deed as prayed for." It follows from what has been said that this assignment must be sustained. In Schlaudecker v. Marshall, 72 Pa. 200, the subject of the discretion of courts is considered. AGNEW, J., (p. 206) said : " Courts sit to administer the law fairly, as it is given to them, and not to make or repeal it. . . . The discretion vested in the court is, therefore, a sound judicial discretion, and to be a rightful judgment it must be exercised in the particular case and upon the facts and circumstances before the court, after they have been heard and duly considered; in other words, to be exercised upon the merits of each case according to the rule given by the act of assembly."

In 9 Am. & Eng. Ency. of Law, 473, (2 ed.) it is said : " It would be an abuse of discretion of the orphans' court to set aside a decree awarding real estate to one of the heirs in partition, where the petition was not presented until eighteen months after the award, unless there was fraud practised upon the court or the parties." Citing Osborne's Est., 149 Pa. 412. There the court refused an application to set aside the decree on account of the lapse of time. In the present case, the final decree was made on November 10, 1897, and an attempt was never made to set it aside, yet we find the learned court below disregarding the decree and flatly refusing to enforce it, although it had stood in full force for nearly ten years. We cannot agree that the court is vested with any such discretion.

There is much set up in the answer in regard to the partition of the land in question between Fitzpatrick and Steigers before the appellant had anything to do with it. But all of this is concluded by the judgment and decree in the partition proceedings. There can be no doubt that the decree in partition is final and conclusive on all parties who had due notice. Steigers was duly summoned and made no objection to the

partition proceedings and he is concluded by the final decree, and the rights of his widow and administrator rise no higher than his own: Cumminsky v. Cumminsky, 109 Pa. 1.

In Weaver v. Lutz, 102 Pa. 593, it is held: "Moreover, Lutz, having permitted a judgment to be recovered against him in the form stated, having suffered it to stand unchallenged and sale to be made based thereon, should not now be allowed to aver a claim in opposition to the judgment, to the prejudice of a purchaser who relied on the record averring the truth."

If Fitzpatrick and Steigers partitioned the land in question, they did not put their deeds on record, and the judgment and decree in the partition case went against Steigers, after due notice, on the theory that he and Fitzpatrick held the land undivided.

We sustain all of the assignments of error and reverse the order of the court, and order that a decree be made directing the sheriff of Cambria county to execute, acknowledge and deliver to the appellant a deed in accordance with the decree of November 10, 1897; and it is further ordered that the appellees pay the costs of this appeal.