# Wilson *v.* Mehard, Appellant.

*Equity—Partition—Parties—Voluntary bid — Award — Exceptions—Estoppel.*

A party in a partition proceeding who, upon notice from a master to appear and bid over or accept or refuse purparts as made, valued and confirmed, comes in without objection and submits a written bid for one purpart, at which it is awarded to her, is thereafter estopped from excepting to the master's authority to make such award.

Argued Feb. 2, 1915. Appeal, No. 15, Oct. T., 1915, by Minnie F. Wilson, from decree of C. P. Allegheny Co., April T., 1913, No. 212, in equity dismissing exceptions to award of master in case of Nelson C. Wilson v. Jane A. Mehard, Charles E. Mehard, her husband, and Minnie F. Wilson. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN and FRAZER, JJ. Affirmed.

Bill in equity for partition.

Exceptions to award by master in partition. Before EVANS, J.

The opinion of the Supreme Court states the case.

The court dismissed the exceptions.   Minnie F. Wilson, appealed.

·*Error assigned* was the decree of the court.

*A. S. Moorhead,* of *Dunn & Moorhead,* for appellant.

*Alvin A. Morris,* with him *Walter M. Lindsay,* for appellees.

PER CURIAM, March 1, 1915:

The bill filed in this case was for the partition of real estate.   The court had jurisdiction of the parties and of the subject matter.   After a partition had been decreed, a master was appointed to divide the land into purparts. This he did, and reported his valuation of them to the court.   His report having been absolutely confirmed, he gave personal notice to the parties interested that they should appear before him and bid over or accept or refuse the purparts at the valuation, or show cause why the same should not be sold. · In pursuance of this notice they appeared before him, with counsel, upon the date named in the notice, and he called for bids for purpart No. 1.   The several parties submitted bids in writing, which were publicly opened, and the appellant, having bid $10,550 over the valuation for purpart No. 1, and her bid being the highest and best, the said purpart was awarded to her.   Subsequently she filed exceptions to the confirmation of the master's report awarding her the purpart at her bid, on the ground that he had no authority to award it to her.   In dismissing her exceptions, the court below properly said: "The question of whether or not the master had authority to bring the parties before him to bid above the appraisement of the several purparts, or to accept or refuse the same, is not the vital question in this case.   The several parties did go before the master and, without objection on the part of any person, did submit their several bids on the various pur-

parts, and, without objection on the part of any person, in their presence the master received those bids and awarded and alloted the purparts in accordance therewith, and in our opinion, this exceptant is estopped from now denying the authority of the master to so act in the matter. The parties appearing before the master showed their hands, as we might say, as to their several ideas as to the value of these purparts and now this exceptant having obtained knowledge of what the other parties to the proceedings considered the value of this purpart, would repudiate her act in submitting the bid. She ought not to be allowed to do so. It would be giving her an unfair advantage over the others and the probable result, as this court happens to know the facts in this case, would be a loss to this estate of $10,000.00."

Appeal dismissed and decree affirmed at appellant's costs.