Powell, Appellant, *v.* Kelly et al., Exrs.

Argued December 9, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William T. Connor,* with him *John R. K. Scott* and *William Taylor,* for appellant.—The court had no authority to order a public sale: Kennedy v. Condran, 244 Pa. 264.

*William C. Alexander,* with him *H. E. Potter* and *Frank A. Moorshead,* for appellees.—The purchaser is estopped from now asserting any right to be relieved from the obligation of his purchase and contract: Wilson v. Mehard, 248 Pa. 325.

OPINION BY MR. JUSTICE DREW, January 16, 1933:

Plaintiff filed this bill in equity for the partition of two tracts of land owned by him and the defendants as tenants in common. A decree pro confesso was entered and a master appointed to make partition. The master valued the properties, determined that they could not be divided without prejudice to and spoiling the whole, and issued a rule on all parties to appear before him to accept or refuse the property at the valuation, to submit bids in excess thereof, or to show cause why the properties should not be sold at public sale. All the parties appeared, and bids considerably in excess of the valuations fixed by the master were submitted. The highest bids were those of Mary A. Henry, and an interlocutory

report was filed by the master awarding both properties to her. The court approved the report and entered a decree confirming the allotment to her, the master being directed to execute and deliver deeds to her on receipt of the amount of her bids.

Several opportunities for settlement were given to Mary A. Henry, but on each occasion she failed to make payment. On October 16, 1930, counsel for appellant wrote the master, asking to have the properties sold at public sale, and on December 2, 1930, he again wrote the master, requesting him to file his report. On December 5, 1930, the master filed in open court a supplemental report, reciting, inter alia, these requests of plaintiff's counsel. The court thereupon ordered a public sale, which was held on April 2, 1931. Plaintiff was the highest bidder at this sale, and after notice to all parties the sale was confirmed in open court, and the master was ordered to execute and deliver deeds to plaintiff on his payment of the purchase price. Final settlement was not made by plaintiff, and on July 10, 1931, the master obtained a rule on plaintiff to show cause why settlement should not be made. Plaintiff filed an answer averring that the sale was invalid, for the reason that the order therefor was made without a new opportunity to the parties in interest to take at the valuation after the default of Mary A. Henry. Plaintiff also procured a rule on the other parties to show cause why the order of sale should not be vacated for this reason. After a hearing, the court entered a decree ordering plaintiff to make settlement according to the terms of his bids. Plaintiff's exceptions to this decree were overruled by the court in banc, and a final decree was entered, from which he appealed.

Plaintiff contends, as he did in the court below, that the court had no jurisdiction to order a public sale; that after the default of Mary A. Henry the master should have issued a second rule upon the parties to accept or refuse the property at the valuation or submit bids there-

for; that only in the event that this had been done and the parties had failed to take the property at the valuation did the court have authority to order a public sale; and that as a result there was such a cloud on the title that plaintiff as purchaser should not be compelled to complete his purchase. In dismissing plaintiff's exceptions, the learned court below held that the provision in the statute prescribing these steps was not jurisdictional but merely procedural and solely for the benefit of the interested parties, who might waive it if they saw fit, that the parties in interest had waived it, and that therefore there was no defect in the proceedings which would enable plaintiff to avoid liability under his bids.

With this disposition of the case we are entirely in accord. By the Act of February 14, 1857, P. L. 39, the courts of common pleas throughout the State were given the powers of a court of equity in all cases of partition. See Brown's App., 84 Pa. 457. The Act of July 7, 1885, P. L. 257, as amended by the Act of March 26, 1919, P. L. 26, states the procedure to be followed by those courts in the exercise of the jurisdiction in partition given by the Act of 1857, supra. In section 2 of the Act of 1885, as amended, it is provided that in case the master appointed to make partition "shall find that the lands and tenements cannot be divided into purparts without prejudice to or spoiling the whole, and has placed a valuation thereon, [he] shall issue a rule on all parties in interest to appear before the master on a day certain to accept or refuse the said real estate at the valuation placed thereon by the master, put in bids for the same, or to show cause why the same should not be sold." Section 5 of the act provides as follows: "Whenever.....the master.....[has] reported that the lands or tenements cannot be divided without prejudice to or spoiling the whole, and the parties have refused to take the same at the valuation, then it shall be the duty of the said court to order the master to make sale thereof at public auction, giving the like notice that is required in

sales under proceedings in partition in the common law courts." Plaintiff argues that after the default of Mary A. Henry the parties should have been given a second opportunity to accept the property at the valuation or put in bids for the same, and that although the statute does not expressly provide for the issuance of an "alias" rule where the successful bidder has defaulted, such is the necessary implication, and the court has no authority to order a public sale unless, pursuant to such a rule, there has been a refusal of the parties to take the lands at the valuation. Assuming that a second rule should have been issued, we cannot agree that the failure to do so makes void an order to sell the property, and the sale thereunder. This provision of the act is obviously not jurisdictional, but merely states the procedure to be followed by the court in the exercise of its jurisdiction in partition. The requirement that the parties shall be given an opportunity to take or refuse at the valuation, or put in bids, before public sale shall be ordered is clearly intended solely for the benefit of the interested parties, and may, therefore, be waived by them, and a sale made without compliance therewith is merely irregular, not void, and may be ratified and affirmed. See Unangst v. Kraemer, 8 W. & S. 391; Dewart v. Purdy, 29 Pa. 113; Girard Life Ins. Co. v. Farmers' & Mechanics' Nat. Bank, 57 Pa. 388; Cummisky v. Cummisky, 109 Pa. 1; Wilson v. Mehard, 248 Pa. 325. It is perfectly clear that plaintiff waived compliance, for immediately upon the failure of Mary A. Henry to comply with her bid, he requested the master to make public sale of the property, and the sale was ordered and held in pursuance of that request. Defendants ratified and affirmed the sale by their failure to object to its confirmation and by their answer to plaintiff's petition to vacate the orders directing and confirming the sale, which appears of record in the cause. In addition, the record shows that Mary A. Henry has tendered to plaintiff a deed releasing to plaintiff any interest which she may have acquired in

the properties in controversy under the decree confirming the sale to her; and it was stated by counsel at the argument before us that quitclaim deeds had been tendered to plaintiff by all the other interested parties releasing their rights in the property. All the parties in interest are bound by the final decree of the court below overruling plaintiff's exceptions and confirming the sale. The title offered plaintiff is in no respect doubtful, and the court below acted properly in ordering him to comply with his bid. Kennedy v. Condran, 244 Pa. 264, upon which plaintiff relies, is not in point. In that case several parties desired to take the property at the valuation fixed by the master, who refused to allot the property to any of them or receive bids therefor, and filed a report recommending public sale. To the decree of the court ordering a public sale exceptions were immediately taken by one of the parties, which, on appeal, were sustained by this court. There, it will be seen, far from acquiescing in or ratifying the sale, the objecting party immediately, before a sale had been held, protested against the irregularity.

The decree of the court below is affirmed at the cost of appellant.