## Schlanger et ux. v. Coffee et al.

*V. J. Dalton*, for plaintiffs; *J. J. Gallagher*, for defendants.

HOUCK, J., March 5, 1934.—The bill praying the partition of the real estate of Philip Coffee, deceased, which he devised to his widow, Selma Coffee, and some of his children, was filed on February 16, 1931. It was so proceeded with that partition was decreed and a master appointed. The master decided that the real estate could not be divided without prejudice to the whole, except as

divided into eight purparts by the bill. Consequently, he appraised each of the purparts and ruled the parties in interest to appear before him on October 23, 1931, to accept or refuse the real estate at the valuation fixed by him, to put in bids for the same, or to show cause why the same should not be sold. All the parties but one appeared before the master, and the only bid submitted was the bid of Selma Coffee. She bid on each purpart a price in excess of the master's appraisement, the total aggregating $65,450. Thereupon, the master awarded the real estate to Selma Coffee, subject to the approval and confirmation of the court. He presented his report, which was confirmed absolutely on September 19, 1932, and a decree was entered allotting and awarding to Selma Coffee the eight purparts for the sum of $65,450, the decree stating: "And it is further awarded and decreed that Edgar Downey, Esq., the master, execute and deliver unto the said Selma Coffee, her heirs and assigns, a deed of conveyance for the said lots or pieces of ground upon payment by her of the said sum to the said master within 30 days from the date hereof."

On September 11, 1933, plaintiffs presented a petition alleging that Selma Coffee failed to pay the amount bid or any part thereof, and a rule was granted upon her to show cause why the decree awarding the property to her should not be set aside and the master directed to make sale of it. An answer was filed by Herman Coffee, for himself and on behalf of Selma Coffee, in which it is averred that all the parties in interest, except the plaintiffs, agreed to waive their right to participate in the proceeds of the sale and to have their respective shares credited to the share of Selma Coffee, and that the master unsuccessfully attempted to have a meeting to determine exactly how much was to be paid by Selma Coffee for plaintiffs' share in the proceeds. The only person who answered the call for the meeting, it is averred, was the attorney for Selma Coffee, who also represents four of the other defendants. The plaintiffs contend that Selma Coffee has defaulted and that the award of the real estate to her should be revoked. The defendants, who appeared to answer the present rule, contend that the award should not be revoked but that the parties should be directed to confer with the master in order to consummate the transfer.

The decree, from which we have quoted above, is specific. Selma Coffee was to receive a deed upon payment by her of $65,450 within 30 days from September 19, 1932. She did not comply with the decree, and certainly she had more than ample time in which to do so. It may be doubted whether we have any discretion in the matter, even if we were disposed to adopt her contention. "A court is not vested with discretion to refuse obedience to its own final judgments and decrees, so long as they stand unopened, unreversed and unimpeached": Gallitzin B. & L. Assn. v. Steigers, 28 Pa. Superior Ct. 336, 340. Under the decree entered, Selma Coffee was to pay the master $65,450 and, upon its receipt, he was to determine the respective shares of the several parties entitled thereto and to make distribution according to law. The defendants here seek to evade the court's decree. They desire a schedule of distribution to be determined before payment, but the decree does not so provide. It seems clear to us that the award of the real estate to Selma Coffee must be revoked because of her default.

We do not think, however, that a public sale may be decreed immediately. A family agreement was executed subsequent to the death of the testator, and, according to the answer to the rule, all the parties in interest, except the plaintiffs, have since agreed to permit their shares to remain for the benefit of Selma Coffee. They may have neglected to submit bids because they knew that Selma Coffee was to submit a bid. Hence, before a public sale may be decreed, the parties must be given another opportunity to accept or refuse the real estate

at the valuation, to submit bids for it, or to show cause why it should not be sold. The parties may waive this requirement, but there is nothing here to show that they have. In fact, at least two of the defendants contest the sale. In the absence of a waiver of the right, the proper procedure is to refer the matter to the master so that he may again rule the parties to submit bids: Powell v. Kelly et al., Execs., 310 Pa. 511.

And now, March 5, 1934, the decree entered September 19, 1932, awarding the real estate to Selma Coffee, is set aside and revoked and the matter is referred to the master to rule the parties in interest to accept or refuse the real estate at the valuation placed thereon by the master, to put in bids for the same, or to show cause why the same should not be sold.

From M. M. Burke, Shenandoah, Pa.