## McDermott, Appellant, *v.* McDermott.

456

Argued May 26, 1936. Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN, STERN and BARNES, JJ.

*E. G. Potter,* with him *F. D. Gallup* and *W. D. Gallup,*
of *Gallup, Potter & Gallup,* for appellant.

*F. J. Woods,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1936:

This is a partition proceeding in equity. The property
involved was awarded to defendant at her bid. From
the decree so awarding it plaintiff appeals.

The land is oil producing. It consists of two sepa-
rately described pieces which adjoin. They have been
operated together. Plaintiff and defendant own undi-
vided half interests. Plaintiff filed her bill for partition.
Defendant by answer admitted the allegations of the bill,
did not deny the right to partition and submitted herself
to the jurisdiction of the court. A decree for partition
was entered and the court appointed a master to make
it. The master found that the property could not be
divided. He valued it and received bids from both the
parties. Defendant's bid was the higher and the prop-

erty was directed to be conveyed to her charged with the payment to plaintiff of one-half of the bid. It was not until after the bidding and when she saw that her bid was the low one that plaintiff raised the questions which we are now called upon to consider.

The first question posed is in substance this: Where all the testimony before the master indicates that the premises can be divided without prejudice to or spoiling the whole, is not the master obliged to find that division can be made? The chancellor answered no to this. Plaintiff's standing to put this question is somewhat insecure. She offered no testimony to show that the property can be divided. Such testimony as there was on this score was submitted by defendant. When the master viewed the property, he concluded otherwise and put a value on the whole tract. Plaintiff did not then object to the finding or the value. She accepted both and bid for the property. By so doing she ratified the course of the proceeding and what had been found and done. She cannot now question what she did not object to. A party in a partition proceeding who upon notice from a master to appear and bid, comes in without objection and submits a written bid at which a purpart is awarded to her, is thereafter estopped from excepting to the master's authority to make such award: *Wilson v. Mehard,* 248 Pa. 325, 93 Atl. 1061; *Dewart v. Purdy,* 29 Pa. 113; *Powell v. Kelly,* 310 Pa. 511, 165 Atl. 830.

The second question stated, tersely summed up is this: Will the master's findings be sustained, where without giving notice to the parties of his intended view of the premises, he views, and from his own investigation finds there cannot be a division without prejudice to or spoiling the whole? We are of the opinion that under the situation here existing the findings cannot be successfully challenged by the appellant. She offered no testimony to show that the property can be divided, did not object to the finding when it was made, or attempt to

458

controvert it, but accepted it and proceeded to bid. The cases heretofore cited rule this question in principle.

The third and last question raised is whether the decree should be vacated or the proceedings be stayed for consideration of plaintiff's rights in certain buildings on the property, where application is made after the filing of the master's report. Plaintiff made no claim to the buildings until the proceeding was practically concluded. However, it does seem that she or her husband before his death erected them. It would appear to be equitable to permit her to remove them. We suggest to the court below that she be given thirty days after the return of the record to do so.

Decree affirmed at appellant's cost.

Argued May 26, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.