Hauger, Appellant, *v.* Hauger.

Argued October 1, 1953. Before STERN, C. J., STEARNE, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Frank S. Lucente,* for appellant.

*Daryle R. Heckman,* with him *Shaver & Heckman* and *Leland W. Walker,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 5, 1954:

This is an appeal from a decree confirming the sale of realty by a master in partition. Of the parties only James H. Hauger appealed.

By inheritance from their parents the plaintiffs and defendant became owners, as tenants in common, of the realty made the subject of these proceedings.

It will clarify our views in this case if the non-appealing plaintiffs are disregarded, and if the proceeding is considered as being brought by James H. Hauger alone against Lloyd E. Hauger. We will therefore refer to James H. Hauger as the plaintiff.

On the plaintiff's petition the court issued a rule to show cause why partition should not be had, and made the rule absolute when the defendant neither filed an answer nor entered an appearance. There-

after *on plaintiff's motion* the court appointed a master to sell the real estate.

After appraisal and with notice given to all the parties, the master held a hearing to give them "an opportunity to accept or refuse the realty at the appraised valuation." Having received bids he thereupon sold the realty to the appellee, Glen G. Hauger, the highest bidder. The plaintiff, who had submitted a lower bid, filed exceptions, including therein an offer to pay an additional price for the realty. The plaintiff also filed a petition to withdraw from the proceedings, alleging that they were irregular and invalid because no writ of partition had issued; that there had been no inquisition or return by the sheriff; and that title would be of doubtful validity on that account. Incidentally, only the appellee-purchaser, Glenn G. Hauger, could raise this latter question.

The plaintiff contends that the court below was without jurisdiction; that if held to be a partition in equity the proceedings invalidly included personalty; and that not having taken all steps required before appointment of the master, it is invalid as a partition at law.

The appellee-purchaser invokes the doctrine of estoppel, and contends that the proceedings were defective in form rather than substance, and that although docketed in the Common Pleas Continuance Docket rather than the Equity Docket, the prayer was for "equitable relief," and therefore sufficient. We consider the proceeding to be in equity.

It is the rule that consent or waiver will not confer jurisdiction of the cause of action or subject matter where no jurisdiction exists: *Ciammaichella Appeal*, 369 Pa. 278, 288, 85 A. 2d 406; *Oteri Appeal*, 372 Pa. 557, 562, 94 A. 2d 772. However, this rule does not apply to jurisdiction of the person, or jurisdic-

tion based upon procedural matters, as to which defects can always be waived: *Ciammaichella Appeal,* supra; *Specktor v. Specktor,* 158 Pa. Superior Ct. 323, 44 A. 2d 767. "A court has jurisdiction of subject-matter if it is empowered to enter upon an inquiry for the competent hearing and determination of a controversy of such character. . . The thing of chief importance on a question of jurisdiction of subject-matter is not whether the plaintiff may recover in the particular forum on the cause of action pleaded but whether the court is empowered to hear and determine a controversy of the character involved. . .": *Commonwealth ex rel. Shumaker v. New York & Pennsylvania Company, Inc.,* 367 Pa. 40, 46, 79 A. 2d 439. See also *Panther Valley Television Company, Inc. v. Summit Hill Borough,* 372 Pa. 524, 94 A. 2d 735.

In the *Specktor* case, supra, it was said at page 325: " 'The objection [here] . . . is not to the judicial power of the court, but to the mode in which the case is brought before it.'. . . The court below had power to enter upon the inquiry; this is the test of jurisdiction, generally. . . The objection does not affect the merits." See *Fennell v. Guffey,* 155 Pa. 38, 25 A. 785, where the Court determined that the action, while in form assumpsit, was in substance an action of covenant upon the lease, and upheld the jurisdiction of the common pleas, stating at page 40: "When the court has jurisdiction of the subject-matter, and is only restricted from entertaining the individual case by some circumstances peculiar to itself, the objection to jurisdiction may be waived," and held that the defect was waived through failure to object at the proper time. See also *Appeal of Louisa Rankin,* 95 Pa. 358; *Zerbe Township School District v. Thomas,* 353 Pa. 162, 44 A. 2d 566; *Ciammaichella Appeal,* 369 Pa. 278, 85 A. 2d 406; *Magee v. Railroad Co.,* 13 Pa. Superior Ct.

187; *Com. ex rel. Camp v. Camp,* 150 Pa. Superior Ct. 649, 29 A. 2d 363.

In *Pennsylvania Railroad Company v. Bogert,* 209 Pa. 589, 602, 59 A. 100, it was said: "But besides the lawful jurisdiction of equity because of the inadequacy and inconvenience. of the proceeding by petition under the statute, the objection of respondents to the jurisdiction comes too late. The bill was filed and answer made thereto by each one of the four parties; no one of them raised a question as to the jurisdiction; issue was joined and hearing had, preliminary injunction awarded and afterwards dissolved and bill dismissed. . . Objection in this case is first made to the jurisdiction in the argument in this court. While objection to the jurisdiction can, generally, be made at any stage of the proceedings, objections to the jurisdiction of equity on the ground that the proceedings should have been instituted on the law side of the court, will not be entertained, unless made within a reasonable time after bill filed. 'Whether a case may be brought in the chancery form is only a question of form and not of jurisdiction, and the objection is waived if not made in due season:' 1 T. & H. Pr. sec. 91."

The plaintiff-appellant was the moving party in the procedure used for the purpose of settlement of the individual interests of the heirs, and he is bound thereby. Even though the steps used are not in the real sense regular, they are not such as to nullify the result. He instituted and accepted them until he found that the result was not to his liking, and he will not now be heard to complain. He submitted to the authority of the master to proceed to sale and partition; in fact the master's appointment was due to his act. The master's actions from appointment to conclusion were regular and in accordance with the law. Cf. *Wil-*

*son v. Mehard,* 248 Pa. 325, 93 A. 1061; *McDermott v. McDermott,* 322 Pa. 455, 186 A. 750.

The plaintiff also made a bid at the sale which he caused the master to hold. The mere fact that the petition included in it a prayer for the partition of personal property is of no moment. If, as we hold, the proceedings were in equity, the partition of personal property was irregular, such a partition being allowable only in the court of common pleas. But the question of partition of the personal property is not involved here.

The plaintiff-appellant having raised no objection until after the sale by the master, although he initiated the entire proceedings, his objections came too late.

The decree is affirmed at the cost of the appellant, James H. Hauger.