## Crawford *v.* Simon, Appellant.

[Marked to be reported.]

159    585
21 SC  543

*Mortgage—Satisfaction—Executors—Penalty—Act of May* 28, 1715.

Where the amount due under a mortgage has been paid to one of two executors, and the coexecutor wantonly and obstinately refuses to join in an entry of satisfaction on the record, he is liable to the penalties provided by the act of May 28, 1715, 1 Sm. L. 95.

Argued Jan. 10, 1894. Appeal, No. 442, Jan. T., 1893, by defendant, William Simon, from judgment of C. P. No. 3, Phila. Co., March T., 1892, No. 55, on verdict for plaintiff, Susan Crawford. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Trespass for refusal to satisfy mortgage, under act of May 28, 1715, 1 Sm. L. 95.

At the trial, before GORDON, J., it appeared that defendant, William Simon, and his mother Sarah Simon, as executors of John Simon, deceased, held a bond and mortgage against plaintiff for $1,750. When the mortgage became due William Simon notified plaintiff to pay the amount of the mortgage to him. Plaintiff declined to do so, but paid the same to his coexecutor, Sarah Simon, and took her receipt. Defendant refused to join with his mother in satisfying the mortgage of record, alleging that he was afraid that his mother would misappropriate the money.

Defendant's points were as follows :

" 1. If the defendant, who is an executor under his father's will, had an honest apprehension that his coexecutor would misapply the money realized from the payment of said mortgage, he had a right and it was his duty to refuse to satisfy the mortgage, and there can be no recovery here. *Answer :* I refuse that point. It was not his right and his duty to refuse to satisfy the mortgage, because of any apprehended acts on the part of his coexecutor. It was his right and his duty to satisfy himself that it was paid." [1]

" 2. The law provides that before a mortgagee, who is the holder of a mortgage, can be compelled to satisfy the same, the debt, interest, and all reasonable costs and charges have been paid or tendered him. If this is not done, the plaintiff cannot recover. *Answer :* I affirm that as being the law, and I charge you also, as a matter of fact, that the evidence shows that the whole debt, interest and charges were paid, even to the charge of fifty cents for satisfying the mortgage. That point very properly states the provisions of the statute." [2]

" 3. The coexecutor had ample power to satisfy said mortgage and could have done so, she having received the debt, interest and reasonable costs, without the necessity of the defendant having joined her." Refused. [3]

" 4. It is the undisputed evidence that nothing was paid to defendant or tendered, either of the debt, interest or reasonable costs, and hence your verdict must be for the defendant." Refused. [4]

" 5. That the act of 1715 was intended to punish a mortgagee who willfully refused to satisfy the mortgage upon the payment of the debt, interest and reasonable costs and charges, and not such a case as the present where a coexecutor and trustee apprehends a misappropriation of the money, because in the first case the mortgagee is the only person in interest, and can have no legal reason for refusing to satisfy ; while, in the second case, it would be his duty to refuse to satisfy, if he reasonably feared a misappliance of the money." Refused. [5]

" 6. The plaintiff here has a remedy laid down for her by statute, by which she was authorized to pay the money into court, and the court would have decreed the satisfaction of the mortgage." Refused. [6]

Verdict and judgment for plaintiff for $400.

*Errors assigned* were, (1–6) instructions, quoting them.

*Charles F. Linde,* for appellant.—Before plaintiff can recover under the act of 1715, she must prove as a necessary preliminary to the bringing of the action : (1) That this mortgagee had received full satisfaction and payment of all sum or sums of money as are really due to him on such mortgage.  (2) That this mortgagee after request and tender made for his reasonable charges, neglected or refused to satisfy the mortgage : Marston v. Tyron, 108 Pa. 272.

The payment of the money to a coexecutor, while sufficient to stop the running of the interest, is not enough to bring plaintiff within the requirements of this penal statute to recover damages from defendant.  The payment of the debt and interest, and the tender of the reasonable charges meant by this act is not a constructive payment and tender, but an actual payment and tender by the mortgagor.

Mrs. Simon having received the money and charges should have satisfied the mortgage.  People v. Keyser, 28 N. Y. 226.

Where there is a dispute as to the amount which is due or as to the person to whom payment is to be made, the money can

be paid into court and the mortgage satisfied : Wapples's Ap., 74 Pa. 100 ; Stewart's Petition, 14 W. N. 113 ; Hoffman's Petition, 14 W. N. 564.

*Andrew J. Maloney,* for appellee.—Coexecutors are regarded as individuals ; they possess full power and control over the personal estate of their testator ; the act of any one of them in disposing of the assets is the act of all and binds all, and one of them may release a debt which has been paid to him with binding efficacy as to the whole : Fesmire v. Shannon, 143 Pa. 201 ; Williams on Executors, par. 3, ch. 2.

The withholding of the bond and mortgage was a tort in itself. Plaintiff had the right to immediate possession of these papers after payment of the debt. Trover will lie for withholding title deeds : Weiser v. Zeisinger, 2 Yeates, 537.

In Marston v. Tyron, 108 Pa. 272, the money was made by the sheriff and the judgment satisfied, but a testatum fi. fa. in another county was overlooked. The case turned on the point that no previous request for satisfaction of this testatum execution had been made to plaintiff himself. In this case there were repeated requests to William Simon.

None of the other cases cited by appellant have any analogy to the present one. In Wapples's Appeal, the dispute was between two persons as to whom the money belonged. Both had sent notices denying the ownership of the other. In Stewart's Petition, the dispute was as to the amount owing. In Hoffman's Petition the petition was refused,—the money was not allowed to be paid into court.

Plaintiff need not prove that she sustained actual damage by the refusal to enter satisfaction : Henry v. Sims, 1 Whart. 187.

OPINION BY MR. JUSTICE GREEN, February 12, 1894 :

The payment of the mortgage debt, together with interest thereon and cost of satisfaction, made by the plaintiff to Sarah Simon, the defendant's coexecutor, was a perfectly legitimate and efficacious payment. It extinguished the debt and entitled the plaintiff to an entry of satisfaction under the act of 1715, and to the penalties prescribed by that act if such satisfaction was wrongfully refused.

It was not necessary that the payment should be made to

the defendant because he was made one of the executors. A payment to his coexecutor alone was legally efficacious to discharge the debt, with or without his consent. Fesmire v. Shannon, 143 Pa. 201. When the payment was made it was his duty to produce the bond and mortgage, to deliver them to the mortgagor, and to join in an entry of satisfaction on the record. He not only did not do either of these acts, but he positively refused to do either of them after formal notice was served upon him that in the event of his refusal he would be held responsible for damages to the full amount of the mortgage, which is the penalty prescribed by the act of 1715. All the facts which were necessary to bring the case within the act of 1715 were fully established on the trial and were uncontradicted. The learned judge of the court below was entirely right when he said to the jury, "I charge you as matter of law that it was the duty of this defendant to satisfy that mortgage. It was fully paid, debt, interest and charges, and it was his duty to satisfy it. Hence the plaintiff is entitled to recover a verdict." The answers to the points were also strictly correct. The flimsy pretext of the defendant that he had an honest apprehension that his mother would misapply the money would have been no defence if it were true, because the payment of the debt to his coexecutor discharged it so far as the mortgagor was concerned, and it had the same legal effect as if it had been paid to him or to both executors jointly. But it was not true. According to his own testimony he was indebted to his mother then, and she had never received any of the money of the estate and had therefore never misapplied any of it. Nor had he the slightest reason to suppose she would. The whole testimony in the case proves that the defendant's refusal to surrender the bond and mortgage and to enter satisfaction was wanton, malicious, obstinate and entirely unreasonable and unjustifiable in any point of view. It was for the punishment of just such conduct as this that the penalties of the act of 1715 were imposed, and it would be difficult to conceive of a case in which they could be more deservedly imposed than in this one. The case was correctly tried in all respects by the learned court below.

Judgment affirmed.