## Michael Larkin v. Scranton City, Appellant.

*Municipalities—Widening street—Eminent domain—Title—Charge of court—Measure of damages—Replacing building.*

In an action to recover damages for land taken for the widening of a street, it is error to charge that the land is taken absolutely, that the title is taken from the owner and vested in the city for all time.

In such a case, the measure of damage is the difference in market value between the plaintiff's whole property before the taking and what remains to him after it. In this connection the jury have the right to consider the cost of replacing a building a portion of which is cut away; though they can only consider this as a part of and in clear and complete subordination to the general criterion above stated. To charge that such consideration may be entirely independent of the question of the value of the property taken, is error.

*Proceedings for appointment of viewers, etc.—Irregularities—Waiver—Jurisdiction.*

A city had notice of the appointment of viewers for the assessment of damages for the widening of a street, of their report, and of the plaintiff's appeal; and when the issue was framed on the appeal, pleaded to it without objection. *Held* that, the subject-matter being one within the general jurisdiction of the court, the parties by their conduct had waived the right to object that they were not properly before it, and the city could not, on the trial of the issue, raise the question of jurisdiction.

Argued Feb. 22, 1894. Appeal, No. 308, Jan. T., 1894, by defendants, from judgment of C. P. Lackawanna Co., Nov. T.,

290     LARKIN *v.* SCRANTON, Appellant.

Statement of Facts—Charge of Court.          [162 Pa.

1890, No. 149, on verdict for plaintiff.   Before WILLIAMS, MC-
COLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Issue in trespass on appeal from award of land damages by
street viewers.   Before P. P. SMITH, J.

From the record it appeared that, an ordinance having been
passed for the widening of West Lackawanna avenue and a
bond filed, plaintiff presented a petition for the appointment of
viewers to assess his damages and benefits, stating that the city
had entered upon his property.   The court appointed three
viewers, who awarded plaintiff $632.50.   From this award he
appealed, and the court directed that the case should be put at
issue as in an action of trespass.   To a declaration filed defend-
ant pleaded " not guilty."

The court charged in part as follows :

" Michael Larkin, the plaintiff in this proceeding, seeks to
recover compensation from the city of Scranton, the defendant,
for damages which he alleges he has suffered by reason of the
city having taken a part of his real estate for public purposes.

" The fact that Mr. Larkin owned a lot of land fronting on
West Lackawanna avenue, in this city, having 75 feet frontage
on that avenue, and that a strip of 12 feet along that avenue
was taken by the city, for public purposes, is admitted.   It is
taken by virtue of the power of eminent domain, vested in the
city, and to be exercised by the city when the public needs re-
quire it.   [That strip of land, containing 900 feet, is taken
absolutely from Mr. Larkin ; the title to it taken from him,
and vested in the city of Scranton by virtue of this proceeding
for all time.] [1]

" You are to inquire in this proceeding what damages Mr.
Larkin may have suffered by reason of the taking of his prop-
erty.   In doing so it is your duty to consider the facts in the
case, as disclosed by the testimony, and to determine what
amount of damage he has received.   You must consider also
what, if any benefits he may have derived from the construc-
tion of this public improvement in front of his premises. . . .

" In arriving at a conclusion, you have a right to consider
the condition of the property at the time of the taking, which
I think the ordinance fixes as the 15th of October, 1890.   You
are to consider the condition of Mr. Larkin's property at that

time, its value ; also what was done to it by the city in widening the street at that point; what damage, if any, was done the property, and what that damage amounted to.   The value of the property taken from him is an element for you to consider, this 75 feet of land extending along the side of this public highway, and you may recall the testimony of several witnesses as to the importance of that highway, and the probable amount of travel upon it, and the corresponding value of the property contiguous to it.   You then will consider, from the evidence in the case, what benefits have been bestowed upon Mr. Larkin's property by reason of this improvement, if it has been benefited, and whether it has or not is a question entirely for you; and to the extent that you may find his property has been benefited, you should offset that benefit against the amount of damages which he may have suffered.   You are to determine the difference between what the property was worth immediately before and immediately after the taking, and in doing so you are to consider all the circumstances which have been disclosed to you by the evidence in the case.

· " [There is testimony uncontradicted that there was a stone structure there, used by Mr. Larkin and his sons in their trade; that a part of it was cut away.   The city engineer testifies himself that he fixed the line which severed a part of that building, and took the ground upon which it was into the city limits.   You have also the right to consider the condition of the property in the rear of that building, in determining what it would require to place it in such a convenient position as it was before, and that consideration may be entirely independent of the question of the value of the property, which the city admits it has taken for public purposes.] " [2]

Defendant's second point was among others as follows :

" 2. The damages and benefits from the widening of West Lackawanna avenue, not having been first ascertained by viewers appointed in accordance with the provisions of the act of May 23, 1889, article 14, the court has no jurisdiction of this appeal, and the verdict must be for the defendant.  *Answer :* I refuse this point and submit the case to you, to determine, from all the evidence, whether the plaintiff has suffered damages by reason of this taking, and if so, to what extent, and you will so find by your verdict." [3]

Verdict and judgment for plaintiff for $1,400.

*Errors assigned* were (1–3) instructions, quoting them.

*James H. Torrey*, city solicitor, for appellant.—The court was wrong in charging that the land was taken absolutely and vested in the city for all time : Wilson v. Scranton, 141 Pa. 621 ; Elliott on Roads, 172 ; Lance's Ap., 55 Pa. 16–25 ; Lewis v. Jones, 1 Pa. 337 ; Lyons v. Gormley, 53 Pa. 261–263.

The portion of the charge complained of in the second assignment of error, invited the jury to award damages in addition to the difference in market value before and after taking : Chambers v. South Chester, 140 Pa. 510 ; R. R. v. McCloskey, 110 Pa. 436.

Under the act of May 23, 1889, article 14, P. L. 314, the appointment of viewers should have covered all the properties affected ; as it did not do so, the proceedings were defective : Lewis, Eminent Domain, § 603 ; Zack v. R. R., 25 Pa. 394–396 ; Reitenbaugh v. R. R., 21 Pa. 100–106.

Plaintiff had been the actor and the defendant simply resisted from beginning to end ; defendant therefore has not waived the irregularities in the proceedings.

*W. H. Jessup, W. H. Jessup, Jr.*, and *Horace Hand* with him, for appellee.—The order for appointment of viewers complied with the act of assembly. There is no evidence in this case that any other property was damaged except that of plaintiff. If there were any irregularities in the proceedings which were not excepted to by the city before she joined in the issue before the jury, they must be considered as waived : Wilson v. Scranton, 141 Pa. 621.

The charge as a whole contained the true rule for the measure of damages ; and the jury could not have been misled by the portions complained of.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1894 :

The statement in the charge that " the strip of land is taken absolutely from Mr. Larkin ; the title to it is taken from him and vested in the city of Scranton by virtue of this proceeding, for all time," was probably inadvertent, but it was unfor-

tunate, for, although it may not have substantially affected the amount of damages, yet we cannot say that it did not do so. It bore directly on that subject, and was clear technical error: Wilson v. Scranton, 141 Pa. 621.

The charge was also unfortunate in the expression in reference to the stone building, that the jury "have also the right to consider the condition of the property in the rear of that building in determining what it would require to place it in such convenient position as it was before, and that consideration may be entirely independent of the question of the value of the property which the city admits it has taken for public purposes." The last clause of this sentence might easily lead the jury to suppose that they should assess the cost of replacing the building as a separate and independent element of the damages. It was an item for consideration, but only as a part of and in clear and complete subordination to the general criterion, the difference in market value between the plaintiff's whole property before the taking, and what remained to him after it. The distinction, and the proper use of such incidental evidence, are fully explained in Dawson v. Pittsburg, 159 Pa. 317.

The objection to the jurisdiction raised in the third assignment of error need not be considered. It comes too late. The city had notice of the appointment of the viewers, of their report, and of the plaintiff's appeal, and when the issue was framed on the appeal, the city pleaded to it without objection. As in Wilson v. Scranton, 141 Pa. 621, and Ogden v. Philadelphia, 143 Pa. 430, the subject-matter was one within the general jurisdiction of the court, and the parties by their conduct had waived the right to object that they were not properly before it.

Judgment reversed and venire de novo awarded.