Sanner et ux. *v.* United States Transfer Company (et al., Appellant).

Argued April 19, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Frank R. Sack,* with him *Harry E. Simmons,* for appellant.

*Edward J. Harkins,* of *Scanlan & Harkins,* for appellee.

OPINION BY KELLER, P. J., July 15, 1937:

Omar R. Sanner and Margaret A. Sanner, his wife, suffered injuries, on April 14, 1934, while riding in their automobile, by a collision with a trailer attached to a tractor owned by B. J. Stettler, trading as U. S. Transfer Company. Averring that the collision was due to the negligence of Stettler's driver, they brought their action of trespass and recovered verdicts of $1611.08 and $500, respectively, on which judgments were duly entered.

They then issued attachment in execution summoning The Ocean Accident & Guarantee Corporation, Limited, as garnishee, based on the proposition that the garnishee had issued a policy of insurance to Stettler, covering property loss and personal damage caused by the negligent operation of the trailer aforesaid, and obtained a verdict on which judgment was entered. The garnishee has appealed.

The appellant has filed twenty-eight assignments of error. Most of those relating to the admission or rejection of evidence are not in conformity with our rules of court and will be disregarded. We cannot be expected to hunt through a printed record of 250 pages in order to find out the name of the witness and where, in the notes of testimony, the evidence complained of was admitted or rejected, in order to get the context and the circumstances attending its admission or rejection. Rule 26 governs, and requires that the question or offer —the name of the witness, of course, being given, so that the context may be examined—as well as the objection thereto and the evidence admitted or rejected be quoted verbatim, unless the quotations are over a page long, in which event Rule 36 applies and it will be sufficient to state the facts briefly and refer to the pages in the record where they may be found; but where this course is pursued the matter referred to must be enclosed in brackets in the record and the number of the assignment placed opposite the first bracket. This means, as respects assignments complaining of the admission or rejection of evidence, that the matters complained of must be enclosed in brackets and numbered in the *notes of testimony* forming part of the record. The appellant complied with neither of these rules. No help is given us by referring in the assignment to the rule for a new trial, which furnishes neither the name of the witness nor a verbatim quotation of the testimony objected to, set out in its context and attendant circumstances.

However, we have carefully read the testimony in the record, in connection with the assignments of error—as well as was possible without the identification required under our rules—and we find no reversible error in the admission or rejection of evidence on the trial. It is too clear to require discussion that an unsigned carbon copy of a letter or document could not be admitted in

evidence, without proof that the original was not obtainable; that a self-serving letter from the garnishee to the defendant in the trespass action could not be received to the prejudice of the plaintiff,—if the subject matter was relevant in this proceeding, it had to be proved by witnesses, the same as any other testimony; that testimony of the garnishee's officers and agents that the driver of the tractor-trailer, *over three weeks after the accident,* pointed out to them a different tractor from the one insured by the garnishee as the one he was driving at the time of the accident, could not be received to *corroborate* the evidence of the driver; that an unsigned and incomplete copy of a policy issued by another insurance company covering a different tractor from the one insured by the garnishee, was not admissible in evidence in this proceeding. The issue in the case, leaving out, for the present, the matter referred to near the close of this opinion, was whether the tractor and trailer of the defendant, Stettler, which were being operated by his driver, Silvus, at the time of the collision with the Sanners, were insured by the garnishee's policy U. C. 196330. If they were, plaintiffs were entitled to a verdict; if they were not, the garnishee was entitled to a verdict. Evidence as to the insurance of other tractors and trailers of the defendant by other insurance companies was not relevant to this issue.

The assignments of error do properly raise two main questions: (1) The question of jurisdiction over the garnishee; (2) whether under the evidence in the case the garnishee was entitled to judgment non obstante veredicto because of lack of any proof that the tractor hauling the trailer which collided with the plaintiffs was insured by the garnishee. We will consider them in that order.

(1) When the garnishee was served with the writ of attachment in execution by the sheriff of Allegheny County, who was deputized by the sheriff of Cambria

County, and, likewise, when the alias writ was served by the sheriff of Dauphin County on the Insurance Commissioner of Pennsylvania, who thereupon notified the garnishee by telegram and registered mail, the garnishee entered its appearance de bene esse and raised the question of jurisdiction by petition under the Act of March 5, 1925, P. L. 23. The court, on February 10, 1936, discharged the rule to set aside service of the writs of attachment execution. The garnishee took no appeal within fifteen days thereafter, but appeared and defended on the trial. It is now too late to raise the question of jurisdiction growing out of the service of the writ. The question raised related to jurisdiction over the defendant personally (See *Cuberka v. Penna. Slovak R. & G. C. Union,* 126 Pa. Superior Ct. 605, 193 A. 828), not of the cause of action—the Court of Common Pleas of Cambria County had jurisdiction of an attachment in execution levied to satisfy a judgment obtained in that court; and the Act of 1925, supra (sec. 3), specifically provides, "A failure to appeal within the time specified [15 days] will be deemed a waiver of all objections to jurisdiction over the defendant personally." The rule is otherwise as respects jurisdiction of the cause of action, which may be raised on final judgment: *Wettengel v. Robinson,* 288 Pa. 362, 136 A. 673. In so ruling, we are not to be understood as holding that the service on the garnishee was improper. We simply hold that in the circumstances here present the garnishee cannot now question it.

(2) The real question at issue is whether there was any competent evidence in the case that the tractor which was hauling the trailer was covered by the garnishee's policy when the trailer collided with plaintiffs' car.

There is no question that the garnishee issued its policy of insurance, U. C. 196330, to B. J. Stettler, etc., covering an Autocar tractor, motor number 50948,

model 1932, for one year from November 1, 1933; or that the said policy, by a rider attached, was extended to cover a Fruehauf trailer, number C-25310, model 1933, B274, for the same term. Nor is there any doubt that this Fruehauf trailer C-25310, B274, bearing a New York 1934 license tag, TRL 193, was the trailer which the jury found had collided with the plaintiffs' car. The only question was whether the tractor which was pulling it was the Autocar tractor, model 1932, number 50948, which was insured under the policy just mentioned. This arises from a clause in the policy which the garnishee held was in force and which the court below applied, to wit: "Exclusions. (8) No insurance is granted by this policy......(e) While any motor vehicle is being used for towing or propelling any trailer or any vehicle used as a trailer unless such trailer is listed in the Declarations and the proper premiums paid therefor; or while any trailer covered herein is being used in connection with any motor vehicle not insured by the Company, but incidental assistance to a stranded vehicle on the highway is permitted."[1]

It was the contention of the garnishee that the tractor which was hauling the Fruehauf trailer covered by its policy U. C. 196330 was not the 1932 Autocar tractor No. 50948 also covered by said policy but a 1934 Autocar tractor No. 502150 not covered by any insurance policy of the garnishee.

The trial judge in submitting the case to the jury submitted also three specific questions in the nature of specific findings of fact: (1) Was the collision between the Trailer and Sanner Car? To which the jury's answer was, Yes. (2) Was the collison between the Tractor and Sanner Car? To which the jury's answer was, No. (3) Was the Tractor involved in the accident the iden-

---

[1] The court below correctly ruled that having admitted the whole policy in evidence, the separate admission of this clause was unnecessary and tautological.

tical Tractor insured by the Ocean Accident & Guarantee Co., Ltd., Defendant [Garnishee]? To which the jury's answer was, Yes. The question at issue is, Was there any evidence to support the third finding?

Silvus, the driver of the tractor, and Matthews, who accompanied him on the trip, called as witnesses for the garnishee, testified that the plaintiff's car had collided with the left front wheel or end of the *tractor*, when the latter was on its proper side of the road. This contradicted the Sanners who had testified that their car had not collided with the *tractor*, but with the left side of the *trailer*, about its middle, when it, the trailer, was over on the wrong side of the highway,—the driver Silvus having made too sharp a turn on a curve, which left the trailer on the wrong side of the white line dividing traffic. Silvus and Matthews also testified that the tractor which the former was driving at the time of the accident was a new 1934 Autocar tractor, and not the 1932 Autocar tractor 50948. They said they remembered this because of certain new features in its equipment— a sleeper cab, an air horn and an air-powered windshield wiper, etc., and because, Silvus said, when he examined the tractor with the officials or representatives of the garnishee on May 7, 1934, over three weeks after the accident, the new tractor showed marks on its left front, where it had collided with plaintiffs' car. But Silvus admitted on cross-examination that the day after the accident he had made a written report of the accident to the Pennsylvania authorities in which he had stated that the license plates on the tractor he was driving at the time of the accident were New York 1934 license plates bearing the number C 394523 (p. 96a). He also admitted on cross-examination that when driving a tractor with New York license plates they were required to carry in the cab of the tractor, all the time it was being driven, a card issued by the New York State Bureau of Motor Vehicles, which had on it the engine num-

ber of the motor in the tractor being operated (123a). That is, the card which must be kept in the cab of the tractor, when in operation, had on it the number of the license plates then being used, and identified the tractor by engine number, year model, etc. The plaintiffs produced in evidence photostatic copies of cards, etc. issued by the New York State Bureau of Motor Vehicles which showed that license plates C 394523 had been issued on January 29, 1934 to Bernard J. Stettler of 76 Carmine St., New York, N. Y., for an Autocar tractor engine No. 50948, year model 1932; and that license plates TRL 193 had been issued on January 29, 1934 to U. S. Transportation Co., Bernard J. Stettler, V. P. 111 Jane St., New York, N. Y., for a Fruehauf trailer, Factory No. B274. We think this was sufficient evidence to take the case to the jury. The jury might very well conclude that the notice given by Silvus just after the accident was more likely to be correct than his recollection three weeks after the accident, aided by other circumstances which did not appeal to their credulity. It was for the jury to decide between his conflicting or inconsistent statements; and the jury did not believe his story that the Sanner car collided with the left front wheel or end of the tractor and instead accepted the plaintiffs' version that the collison had been with the left middle of the trailer. It was not until May 7, 1934 that Silvus looked at the engine number of the 1934 Autocar tractor and reported it to the garnishee's representatives as S-9314, Factory Number 502150—although the copy of the policy of the Consolidated Indemnity & Insurance Company, produced on the trial, declared its engine number to be 502150 and its serial number 931-A.

The jury were not bound to believe Silvus' testimony as to the tractor he was driving at the time of the accident. They disbelieved his evidence as to the happening of the accident. They might well choose to accept his actions, immediately following the accident, as

speaking louder, and more worthy of belief, than his words on the trial.

In our opinion there was sufficient evidence to take the case to the jury and the entry of judgment non obstante veredicto for the garnishee would not have been justified.

With this disposition of the case, another contention of the appellees becomes unimportant, but we will state it.

The garnishee did not produce the original policy No. U. C. 196330 in court. But it furnished to the plaintiffs a copy of that policy and several others issued to Stettler covering other motor vehicles. In policy No. U. C. 196330 the rider extending the coverage to the Fruehauf trailer C-25310, B274, was not pasted on the margin of the policy, where the printed instructions directed it to be placed, but was pasted on the body of the policy so as to cover and obliterate the clause, Exclusion (8) (e), relied on as a defense in this action. The riders attached to the other policies furnished the plaintiffs were likewise pasted on the body of the policy so as to cover and obliterate the provisions of the policy which they supplied. The plaintiffs, therefore, contended that the rider extending the coverage to Fruehauf trailer C-25310, B274, for which Stettler paid an additional premium of $312.33, was intended to supply and become a substitute for the Exclusion clause (8) (e) which it covered and obliterated, and that in consequence any bodily injuries or property damage inflicted in a collision with either the Autocar tractor 50948—1932 for which a premium of $624.65 was paid, or the Fruehauf trailer C-25310—1933, B274, for which a premium of $312.33 was paid, was covered by the policy, whether the other vehicle, tractor or trailer, which did not actually collide with the third car, was insured by the garnishee or not. This would leave the garnishee without any valid defense. Much may be said for this

point of view. Certainly if in the original policy the excluding clause was covered and obliterated by the rider, the assured could not be expected to know of and be bound by it. But in the manner in which the case was left to the jury and decided by them it becomes unimportant.

However, the judgment must be corrected in one respect. Throughout the trial and in the charge the appellant was referred to as the defendant. It was really the garnishee. B. J. Stettler was the defendant. The issue was between the plaintiffs and the garnishee. The verdict was in favor of the plaintiffs for $2,373.02. On this judgment was entered in favor of the plaintiff and against the "defendant" for $2,373.02, with interest from September 22, 1936. No objection was taken to its form, but it should have been entered against the garnishee, The Ocean Accident & Guarantee Corporation, Limited. As so amended, it is affirmed.