## Specktor, Appellant, *v.* Specktor et al.

Argued October 24, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Peter P. Zion,* with him *Francis P. O'Keefe* and *Joseph Atlas,* for appellant.

*Judah Zelitch,* with him *Leon Sobel,* for appellees.

OPINION BY RHODES, J., December 12, 1945:

Appellant's motions for new trial and for judgment n. o. v. were dismissed by the court below, and he then appealed to this court. He now complains, for the first time, of the procedure in which he had acquiesced.

Appellant foreclosed on a mortgage given to him by Dora Specktor to secure the principal sum of $3,200 upon certain premises in the city of Philadelphia. The mortgage bore the date of May 31, 1923, and was duly recorded. Harry Lovitz and Lillian Lovitz, his wife, have been the owners of the mortgaged premises since April 1, 1942. On October 25, 1944, appellant issued a writ of scire facias sur mortgage averring as default a failure to pay interest which became due on May 31, 1925, and semi-annually thereafter, and named Dora Specktor as mortgagor, and the appellees, Harry Lovitz and Lillian Lovitz, as real owners. The latter filed an affidavit of defense and a counterclaim for forfeit and damages under the Act of May 28, 1715, §10,[1] 1 Sm. L. 94, 96, 21 PS § 682, in which it was averred that on or about January 8, 1924, appellant had received the sum of $3,200, plus the satisfaction fee, in full payment and

---

[1] "If such mortgagee, by himself or his attorney, shall not, within three months after request and tender made for his reasonable charges, repair to the said office, and there make such acknowledgment as aforesaid, he, she or they, neglecting so to do, shall for every such offence forfeit and pay, unto the party or parties aggrieved, any sum not exceeding the mortgage-money, to be recovered in any Court of Record within this province, by bill, plaint or information."

discharge of the mortgage, and that he had failed to satisfy the mortgage within three months after the request to do so. Appellant filed a reply thereto on the merits, and averred therein that he had "no personal recollection of having received the sum of $3,200.00 plus the satisfaction fee in full payment and discharge of the aforesaid mortgage."

It was on the counterclaim and the reply that a trial was held before Sloane, J., and a jury. At the trial appellant admitted that the mortgage had been paid on January 8, 1924, and that it had not been satisfied of record. In July 1944, appellees requested that appellant satisfy the mortgage, and it appears that a similar request had been made in January, 1924. The case was submitted to the jury for the determination of the amount of penalty, if any, to be imposed upon appellant. The jury rendered a verdict of $1,600 in favor of appellees.

Appellant's principal contention is that the court below on its own initiative should have dismissed the action. Counsel's argument is based on a minor premise that the method of bringing appellant into court on the counterclaim was such fundamental error that the trial court should have refused to proceed. The major premise would seem to be that the court had no jurisdiction.

A question of jurisdiction is generally fundamental, but here the alleged defect is procedural in character. "The objection . . . is not to the judicial power of the court, but to the mode in which the case is brought before it": *Susquehanna County Auditors' Report,* 123 Pa. Superior Ct. 195, 202, 187 A. 78, 81. The court below had power to enter upon the inquiry; this is the test of jurisdiction, generally. *Main Cleaners & Dyers, Inc., v. Columbia Super Cleaners, Inc., et al.,* 332 Pa. 71, 74, 2 A. 2d 750; *School District of Zerbe Township et al. v. LeRoy Thomas et al.,* 353 Pa. 162, 44 A. 2d 566.

The objection does not affect the merits. The case was consentably tried on the merits. The proceeding [2] had the same result as an action in assumpsit, which is now a method utilized for recovery under the Act of May 28, 1715, 1 Sm. L. 94, 21 PS §§ 681, 682. See *Graham v. Mt. Airy Building & Loan Ass'n,* 102 Pa. Superior Ct. 116, 156 A. 592; *Werner et ux. v. Automobile Finance Co.,* 347 Pa. 217, 31 A. 2d 898; Act of May 14, 1915, P. L. 483, as amended, 12 PS § 382 et seq. See, also, *Crawford v. Simon,* 159 Pa. 585, 28 A. 491 (trespass for refusal to satisfy mortgage under Act of May 28, 1715, 1 Sm. L. 94, 21 PS §§ 681, 682).

No complaint was made as to the procedure followed or as to the jurisdiction of the court below. These matters have been raised for the first time on the appeal to this court. It is now too late. "The rule that consent cannot give jurisdiction applies only to the jurisdiction of the cause of action or subject matter, not to jurisdiction of the person, or jurisdiction based on matters of procedure": *Susquehanna County Auditors' Report,* supra, 123 Pa. Superior Ct. 195, 202, 187 A. 78, 81. Appellant failed to raise any such question in the court below, either at the trial or on subsequent motions; and he voluntarily submitted his person to the jurisdiction of the court below, and in every way consented to have it determine the issues between him and appellees. See *Montgomery County Bar Ass'n v. Rinalducci,* 329 Pa. 296, 197 A. 924; *McLaughlin et ux. v. Monaghan,* 290 Pa. 74, 138 A. 79; *Sanner et ux. v. United States Transfer Co. et al.,* 127 Pa. Superior Ct. 191, 196, 193 A. 830; *Grisbord et al. v. Philadelphia et al.,* 148 Pa. Superior Ct. 91, 24 A. 2d 646; Act of March 5, 1925, P. L. 23, 12 PS § 672 et seq.

Appellant relies upon *Porter v. Levering et al.,* 330 Pa. 392, 199 A. 482. This was an action for the fore-

---

[2] Defendants' counterclaim was regarded as their statement of claim, and plaintiff's reply was regarded as his affidavit of defense. See Act of May 14, 1915, P. L. 483, § 15, 12 PS § 451.

closure of a mortgage in which defendant, the real owner of the mortgaged property, offered no defense in regard to the mortgage, but presented a counterclaim which the trial judge held it did not succeed in establishing. The court directed a verdict in favor of plaintiff, which the Supreme Court affirmed. The counterclaim was based upon matters entirely unconnected with the mortgage transaction; and the Supreme Court said (330 Pa. 392, at pages 395, 396, 199 A. 482, at page 484) : "... It is sufficient to point out that a counterclaim of this sort cannot be injected by the real owner into a proceeding for the foreclosure of a mortgage. Such an action is personal only as against the mortgagor; otherwise it is in rem; no personal judgment is asked, or can be rendered, against the terre-tenant. ... No personal demand being made against him, the terre-tenant can make none against the mortgagee. Set-offs and counterclaims are procedurally available only where there are mutual demands." The *Porter* case might have had a bearing on the present case if the procedural method by which the issues were brought to trial had been questioned by appellant at the proper stage of the proceedings. See *Larkin v. Scranton*, 162 Pa. 289, 29 A. 910.

The remaining questions relate to the refusal of the court below to grant appellant a new trial. The first alleged error is the exclusion of certain testimony by the trial judge. Appellant's argument is to the effect that the excluded testimony would have shown what efforts were made by appellant to ascertain whether payment of the mortgage was in fact made. The excluded testimony was that of a witness, a judgment searcher, who was called to testify that he made inquiries of two title companies in Philadelphia to ascertain whether they had a record of a settlement for the mortgaged property. It does not appear that this testimony had any bearing on the case. If material, such testimony was inadmissible as hearsay. We find no error in the court's ruling to this effect.

We are unable to find any merit in appellant's contention that the trial judge committed reversible error

in his charge to the jury. We need not comment on the vagueness of the subject matter of the eighth assignment of error. Apparently counsel for appellant at the trial was desirous of having the trial judge charge on the basis of certain statements in *Werner et ux. v. Automobile Finance Co.,* 347 Pa. 217, 220, 31 A. 2d 898, which involved the granting of a new trial because of an excessive verdict. The part of that opinion to which counsel referred at the time was not in point,[3] but the trial judge gave appellant the benefit of any doubt when he said "The question in this case is: Was there a failure to satisfy this mortgage, and, if there was a failure, was it based on good reason? If a man does not satisfy a mortgage, even though he should, because he has reasonable faith and honest faith in believing that the other person is not entitled to have it satisfied, then there should be no recovery."

In *Graham v. Mt. Airy Building & Loan Ass'n,* supra, 102 Pa. Superior Ct. 116, 156 A. 592, as in the case at bar, it was admitted that the amount due under the mortgage had been paid with the cost of satisfaction, and we held that by the terms of the Act of 1715 the mere neglect to satisfy within three months after request was sufficient to create liability.

Finally, by his argument, appellant submits that the amount of the verdict was excessive, and on that ground a new trial should have been granted. In the *Graham* case the verdict was for more than half the amount of the mortgage. In the present case the verdict was for one-half. Nowhere in the record does there appear any justification for appellant's conduct. The evidence discloses a palpable attempt to again collect on his mortgage which had been paid in full, and which had remained unsatisfied and quiescent for twenty years. Appellees were embarrassed and hindered in the sale of their prop-

---

[3] See *Werner et ux. v. Automobile Finance Co.,* supra, 347 Pa. 217, 220, 31 A. 2d 898. See, also, *Werner et ux. v. Automobile Finance Co.,* 337 Pa. 433, 12 A. 2d 31.

erty by the presence of the unsatisfied mortgage. In addition, there is nothing to indicate that appellant's refusal or failure to satisfy the mortgage was the result of an honest doubt. In the *Werner* case, Mr. Justice PARKER had said (347 Pa. 217, at page 220, 31 A. 2d 898, at page 899) : "Certainly the actual injury to plaintiffs is a matter for consideration. Among the circumstances to be considered are also the attitude and conduct of the defendant with reference to the act. They may inquire whether the defendant's conduct was wanton and wilful." It was also said that the penalty fixed by the Act of 1715 was intended to accomplish two purposes: Damages as compensation to the aggrieved party, and a penalty with the object of punishing the offender. We agree with the court below that nothing in the record justifies disturbing the verdict. See *Crawford v. Simon*, supra, 159 Pa. 585, 589, 28 A. 491.

Judgment is affirmed.