Commonwealth *v.* Palmer, Appellant.

Submitted April 9, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Indictment charging defendant with sodomy. Before WOODRING, J.

Verdict of guilty and judgment of sentence thereon. Defendant appealed.

*Norman Seidel,* with him *Charles D. Hogan,* for appellant.

*Robert Ungerleider,* First Assistant District Attorney, with him *Edward G. Ruyak,* District Attorney, for appellee.

OPINION BY ERVIN, J., June 11, 1957:

This is an appeal from the judgment of sentence following a verdict of guilty on a charge of sodomy.

One of defendant's reputation witnesses was interrogated by his counsel as follows: "Q. Did you ever hear anything in that community spoken about Sheldon Palmer derogatory to his reputation as to being a law-abiding citizen? A. No. Q. Or good morals, or purity? Did you ever hear anything derogatory about him? A. Never." In rebuttal the Commonwealth called James Kessler, who testified that he knew the defendant for six or seven years; that he knew other people who knew him; that he knew his reputation in the community for morality, and then the following occurred: "Q. Now, what is his reputation for morality? A. *He is known as a fairy.*" (Emphasis added) Defense counsel objected and moved that "it be stricken from the record." The objection was overruled and the motion to strike was denied. Then defense counsel said:

"I object to the statement that the defendant is known as a fairy. He was asked if he knew his reputation, and I object to the use of the word, the street language." In his motion for a new trial defendant argued that the answer of the witness constituted evidence of specific offenses other than the one for which the defendant was being tried. It is significant that at the trial the only reason assigned for the objection was ". . . I object to the use of the word, the street language."

It is true that good or bad reputation may not be proved by evidence of particular acts or crimes. *Com. v. Jones,* 280 Pa. 368, 124 A. 486; *Com. v. Becker,* 326 Pa. 105, 191 A. 351. Appellant particularly relies upon *Com. v. Gibbons,* 3 Pa. Superior Ct. 408, but that case is not apposite. In that case the Commonwealth, over objection, was permitted to ask a number of leading questions relative to specific crimes other than the one for which the defendant was being tried.

In the present case the defendant's objection is not and could not have been to the form of the question. It is rather to the answer as given by the witness. The answer, "He is known as a fairy" is responsive to the question as to defendant's general reputation for morality and the particular trait or characteristic involved in the trial. In our opinion it cannot be construed as evidence of the commission of a particular crime. It is actually a statement of the general talk of the community. It is not an attempt to give the defendant's real character but rather what he is known as in the community, which is proper reputation evidence.

No objection was made as to the testimony of Ronald Zavacky and David Moser and for this reason alone their testimony may not be questioned upon appeal. What we have already said as to the testimony of

James Kessler, however, is also applicable to the testimony of Zavacky and Moser and need not again be repeated.

Appellant also argues: "In the case at bar, the lower court, in its charge, not only failed to limit the testimony relating to specific offenses . . . but went even further and erroneously charged that such testimony was to be used the same as all other testimony in the case." There was no need to limit the effect of the testimony because, as we have already pointed out, the testimony did not relate to specific crimes or offenses. Furthermore, counsel for the defendant, at the conclusion of the charge, was given the opportunity to suggest any "corrections or additions" but he failed to do so. It is too late now for him to raise other than fundamental error. *Com. v. Napoli,* 180 Pa. Superior Ct. 266, 119 A. 2d 846.

The judgment is affirmed and it is ordered that appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.