Opinion by
Watkins, J.,
These appeals are from the judgments of sentence of appellant by the Court of Quarter Sessions of Northumberland County on two charges of larceny of motor vehicles. The appellant was tried before a jury, which returned verdicts of guilty on both charges and therefore we are bound to view the testimony in a light most favorable to the Commonwealth.
*9 The facts appear to be as follows: The appellant, while living in Shamokin, Pennsylvania, was employed by a Mr. Tomol, a used car dealer, on August 24, 26 and 27, 1965. On August 28, 1965 appellant did not appear for work and Mr. Tomol discovered a 1965 Maroon Chevrolet Impala was missing from his lot.
Mr. Tomol notified the State Police who then began an investigation of the matter and sent out an eight-state alert. The State Police was notified via teletype that appellant had been seen in Maryland.
On February 11, 1966, the Chevrolet was found in a damaged condition parked in front of a flower shop near Tomol’s used car lot. It had on one Maryland license plate and another one inside the car. In the car was found a key case containing the car keys and in a flap an identification card with the appellant’s name and Shamokin address on it.
That same morning Mr. Tomol found that a 1963 Maroon Pontiac Grand Prix was missing from the lot and that the keys to it and the keys to another car had been removed from Mr. Tomol’s office in his garage, which had been locked.
Each time a car was missing, one of Mr. Tomol’s dealers plates was also taken, one of which was recovered after being found along the road near Elysburg.
On April 8, 1966, the appellant was apprehended in the 1963 Maroon Pontiac Grand Prix by the Baltimore County police, in Maryland. In the car were found several out of state license plates, appellant’s clothes, tools, a temporary Pennsylvania license tag which had been issued to appellant, letters addressed to appellant, his discharge and his nephew’s walkietalkie, as testified to by Lieut. Waugh of the Shamokin police, who went to Maryland for appellant and the car.
*10 A friend of the appellant testified that he had seen appellant driving the Chevrolet in the Shamokin area the latter part of 1965 and early in 1966 and also the Pontiac in 1966 and identified it as the car his boss purchased after it was recovered.
During the trial, Cpl. Yupco, of the Pennsylvania State Police, a Commonwealth witness, who had been in charge of the case, testified in detail on direct examination of his investigation, and without objection by appellant’s counsel referred to the teletype messages which were sent and received by him during the course of his investigation.
Appellant now contends that reference to these messages violated his constitutional right to confront his accusers, and also that they cannot be used since they were not business records and cannot be admitted as hearsay evidence.
The record discloses that this evidence was not the primary evidence against appellant and was not introduced as exhibits, but was used merely to refresh the detective’s recollection as to the course of his investigation. At most, it would be hearsay and clearly admissible if not objected to by appellant’s counsel in a timely manner. Com. v. Boden, 399 Pa. 298, 159 A. 2d 894 (1960) ; Com. v. Palmer, 184 Pa. Superior Ct. 171, 132 A. 2d 889 (1957); Com. v. Truitt, 169 Pa. Superior Ct. 326, 82 A. 2d 699 (1951).
Appellant also contends he was unduly restricted by the court below on his testimony as to an alibi defense. The record clearly shows this assertion is not true. In fact, the court overruled the Commonwealth’s one objection to such testimony and left the door wide open to any such testimony by appellant who took the stand on his own behalf.
Judgments affirmed.