Commonwealth *v.* Wallace, Appellant.

Argued March 23, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Stanley M. Shingles,* with him *Fineman & Fineman,* for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *J. David Bean,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, June 14, 1973:

In this appeal from a judgment of sentence for failing to stop and render assistance at the scene of an accident, appellant contends; first, that the conduct of the prosecuting attorney prejudiced his right to a fair trial; and, second, that inadmissible hearsay evidence was introduced against him to prove an essential element of the crime.

The accident occurred in the early morning of April 20, 1971. After the collision, both cars careened for a considerable distance so that neither was visible to the other when they finally stopped. The driver of one of the vehicles was not present when the police arrived. Papers bearing appellant's name and address were found in the car, and the police proceeded to appellant's home in an adjacent apartment complex where he was arrested.

The first instance of prosecutorial misconduct related to the district attorney's attempt to produce a chemical expert to testify as to a Mobat Sobermeter test administered to appellant shortly after the acci-

dent. On the second day of trial, after a recess had been granted to allow the Commonwealth time to produce the expert, the following discussion took place in front of the jury:

"The Court: All right, . . . are you ready?

"[District Attorney]: Well, Your Honor, because of the human element in these cases, the Commonwealth cannot produce its last witness. I have been notified that he is on his way over from the DeKalb Fornance Laboratory. I have been notified that since approximately ten after nine when one of the secretaries finally got through after the phone was busy for some period of time.

"I would ask the Court to grant me an extension of time in view of the nature of the testimony of this witness. I believe that . . .

"[Defense Counsel]: I'm going to object to that, Your Honor.

. . .

"[District Attorney]: Can I finish my address to the Court in view of the nature of the testimony that this witness would give.

"The Court: Yes, I don't think you should make comments like that. . . . I know who the witness is.

. . .

"Well, we've waited an hour and thirteen minutes now.

"[District Attorney]: And I think you've been very fair, Your Honor, and I think this jury has been waiting for a long time, and well, you can see my frustration."

Immediately thereafter, during defense counsel's opening remarks to the jury, the prosecuting attorney attempted to re-open his case in the following manner:

"[District Attorney]: Your Honor, the Commonwealth would respectfully request the Court to allow the Commonwealth to reopen its case in the interest of

justice, because a material witness for the Commonwealth . . .

"[Defense Counsel] : Well, I think this is . . . can I finish?

"[District Attorney] : If I may, you know I would like to present this to Your Honor. May I just suggest this, sir."

The implications of the prosecutor's statements are clear. In effect he stated that a *material* witness was on his way, implying that the witness would testify favorably to the Commonwealth, that it was frustrating to him and unfair to the jury to not allow additional time for the production of this witness, and that the interests of justice required that this witness be allowed to testify.

The prosecutor's dialogue is clearly within the proscription of the American Bar Association standards relating to the prosecution function. "It is unprofessional conduct for a prosecutor knowingly and for the purpose of bringing inadmissible matter to the attention of the judge or jury to offer inadmissible evidence, ask legally objectionable questions, or make other impermissible comments in the presence of the judge or jury." ABA Project on Standards for Criminal Justice, Standards Relating to The Prosecution and The Defense Function §5.6(b) (Prosecution Function) (Approved Draft, 1970).

The District Attorney, in an attempt to explain his failure to produce an essential witness, brought to the attention of the jury evidence which had been ruled inadmissible without the production of the expert. While the results of the test were not directly discussed, "[T]he mere offer of known inadmissible evidence or the asking of a known improper question may be sufficient to communicate to the trier of fact the very material the rules of evidence are designed to keep from their view." Ibid. Commentary to §5.6(b).

Although the prosecutor did not make a technical offer of proof or ask a known improper question, his comments clearly had the effect of communicating to the jury the existence of inadmissible evidence which was favorable to the Commonwealth. Although it would be impossible to calculate the precise effect of these statements on the jury, the highly prejudicial nature of the statement (implying evidence of drunkenness) makes it impossible for us to conclude "with fair assurance" that the statement "had but a small effect upon the jury." *Commonwealth v. Anskate*, 221 Pa. Superior Ct. 122, 125, 289 A. 2d 156, 157 (1972).

Appellant's second contention, the improper admission of hearsay evidence, resulted from the inability of the Commonwealth to offer direct evidence of appellant's having operated the vehicle on the night of the accident. In order to prove operation by circumstantial evidence, the Commonwealth attempted to prove the ownership of the vehicle by offering testimony of the investigating officer. The following testimony was elicited, over defense counsel's objection, by the trial judge: "Q. And the second question I have is, did you check out the registration of the Mustang? A. Yes I did, Your Honor. Q. And how was it registered? A. William L. Wallace but at a different address. . . . Q. Well, don't elaborate other than did you consequently determine that it is the same William L. Wallace. [Defense Counsel]: Did you arrive at this by investigation, is that it? A. Yes. [Defense Counsel]: Well then I would submit to Your Honor that the result, or the investigation has to involve what is hearsay for the purpose of the trial and the conclusion is invalid as being based on hearsay. And as a conclusion. . . . BY THE COURT: Q. Well, did you check with the Bureau of Motor Vehicles? A. Yes, I did. Q. And was it by reason of that check that you realized that it was defendant that lived at that same Drexel Hill address

and now lives at the King of Prussia address? A. Yes, I did."

The district attorney then elicited the following testimony from another police officer: "Q. Did you eventually receive that information as to the ownership of that particular car? A. Not at the particular time. I didn't receive the information relative to information from the registration. . . . Q. Did you receive that later on? A. Yes, sir. Q. And what information was that, sir? A. The car was owned— "[Defense Counsel]: I'm going to object to that as hearsay in nature, Your Honor. The Court: Objection noted and overruled. Exception to the defendant. [District Attorney]: Who was the owner of that particular vehicle, sir? A. William Wallace. Q. I see. A. Who resided at 341 Hilltop Drive, Kingswood Apartments, Upper Merion Township."

It is clear that the above testimony was offered to prove the truth of the matters asserted therein; that appellant was the owner of the vehicle in question. The persons from whom the information was received were not present to testify as to the ownership of the vehicle. As such, it was hearsay evidence and should have been stricken when defense counsel objected to its introduction. *Commonwealth v. Koveleski*, 212 Pa. Superior Ct. 7, 239 A. 2d 895 (1968); *Specktor v. Specktor*, 158 Pa. Superior Ct. 323, 44 A. 2d 767 (1945). The Commonwealth was unable to prove that appellant was the operator of the vehicle by direct evidence. Since the only other evidence offered by the Commonwealth which linked appellant to the ownership and operation of the vehicle were papers found in the car bearing his name, we cannot conclude that the admission of this evidence was harmless.

For the above stated reasons, the judgment of the lower court is reversed, and appellant granted a new trial.

WATKINS and JACOBS, JJ., dissent.

WRIGHT, P. J., would affirm on the opinion of the court below.