## Commonwealth *v.* Bolden, Appellant.

Argued December 4, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before ROSENBERG, J.

*Harold M. Kane*, with him *S. David Fineman*, for appellant.

*Louis A. Perez, Jr.*, Assistant District Attorney, with him *David Richman* and *James T. Ranney*, Assistant District Attorneys, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

This is an appeal from a judgment of sentence for possession and sale of heroin. Appellant contends that he is entitled to a new trial because of a prejudicial comment made by the prosecuting attorney in his closing argument to the jury.

The Commonwealth's case rested entirely on the testimony of an undercover narcotics agent who allegedly bought four packets of heroin from appellant on June 11, 1971; and, a second agent who corroborated the contact between the officer and appellant but did not witness the sale. Appellant denied that he either possessed or sold the heroin.

During his closing argument, the district attorney stated to the jury that "there are certain things that I cannot tell you referring to this case." Defense counsel promptly objected and moved for a mistrial. The

trial judge denied the motion. No cautionary instructions were given.

Our courts have recognized that the prosecutor "enjoys an office of unusual responsibility, and [that] his trial conduct should never be vindictive or attempt in any manner to influence the jury by arousing their prejudices" [*Commonwealth v. Toney*, 439 Pa. 173, 180, 266 A. 2d 732 (1970)], and that it is the prosecutor's "duty . . . to seek justice, not merely to convict." *Commonwealth v. Potter*, 445 Pa. 284, 287, 285 A. 2d 492, 494 (1971). It is also to be noted that the average jury, "has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations and, *especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.*" *Berger v. United States*, 295 U.S. 78, 88 (1935) (emphasis supplied).

Recognizing these obligations and the esteem with which a jury may hold the prosecuting attorney, our courts have often found a prosecuting attorney's comments sufficiently prejudicial to warrant the granting of a mistrial: *Commonwealth v. Potter*, supra (reference to defendant's testimony as lies) ; *Commonwealth v. Revty*, 448 Pa. 512, 295 A. 2d 300 (1972) (statement implying that defendant attempted to deceive the jury) ; *Commonwealth v. Caesar*, 224 Pa. Superior Ct. 266, 302 A. 2d 846 (1973) (Opinion in support of reversal) (prosecutor's opinion as to witness credibility and argument of facts not of record) ; *Commonwealth v. Wallace*, 225 Pa. Superior Ct. 16, 307 A. 2d 363 (1973) (attempt to bring inadmissible evidence to jury's attention) ; *United States v. Small*, 443 F. 2d 497 (3d Cir. 1971) (prosecutor implying that defendant was a fugitive). These cases clearly hold that a prosecuting attorney, in presenting his case and in closing argument to the jury, must refrain from making irrelevant or

prejudicial remarks and may only refer to matters in evidence and the fair deductions and logical inferences therefrom.*

The district attorney's statement in the instant case is clearly governed by these principles and the considerations underlying them. The reference to "certain things" about the case that could not be disclosed shows that he was not referring to any facts presented to the jury. While the comment did not refer to any particular factual matter, the implication is clear that there existed other incriminating or sinister facts which either were inadmissible or could not be produced. The reference could only lead to wild speculation by the jury in their determination of guilt. The injection of this comment in a case which depended upon a resolution of conflicting testimony may well have influenced the verdict reached by the jury, and we cannot say "with fair assurance" that the statement "had but a slight effect upon the jury." *Commonwealth v. Anskate,* 221 Pa. Superior Ct. 122, 125, 289 A. 2d 156, 157 (1972).

Judgment of sentence reversed and a new trial granted.

---

* These principles have received the attention and approval of the American Bar Association in its comprehensive project on the Standards for Criminal Justice. The Standards Relating to the Prosecution Function provide at §5.9 that "[i]t is unprofessional conduct for the prosecutor intentionally to refer to or argue on the basis of facts outside the record . . . unless such facts are matters of common public knowledge based on ordinary human experience or matters of which a court may take judicial notice." The Commentary to that section recognizes that such references are particularly offensive in a jury trial. See also §5.6 of ABA Standards Relating to the Prosecution Function.